No. 6.—WILLIAM G. WALLACE, plaintiff in error, *vs.* GEORGE M. DUNCAN, defendant in error.

[1.] The Act of 1830, (*Cobb's New Digest*, 527) passed for the protection of the rights of remainder-men and reversioners in personal property, should be strictly construed, and its provisions fully complied with. The allegations in the bill, for a *ne exeat*, should conform substantially, if not literally to the requisitions of the Statute, and the oath of the complainant be positive as to the truth of the charges in the bill.

In Equity, in Dooly Superior Court. Motion to dismiss bill, decided by Judge POWERS. October Term, 1852.

William G. Wallace filed a bill of *ne exeat* against George M. Duncan, returnable to the May Term, 1852, of Dooly Superior Court, to restrain the said Duncan from removing certain negroes claimed by him in remainder.

To the bill was attached the following affidavit:

GEORGIA, DOOLY COUNTY:

In person came before me, Joseph Sykes, a Justice of the
VOL. XIII. 6

Peace, in and for said county, William G. Wallace, who being duly sworn, saith that the facts stated in the foregoing bill are true so far as they depend upon his own knowledge, and so far as they depend upon the information of others, he believes them to be true. Sworn to, and subscribed before me this the 15th day of November, 1851.

WILLIAM G. WALLACE.

JOSEPH SYKES, J. P.

At the October Term, 1852, of said Court, counsel for defendant moved to dismiss the bill, on the ground that the Court had no jurisdiction of the cause; the affidavit, not being such as the Statute requires.*

The Court suspended the motion and dismissed the bill, and counsel for complainant excepted.

HUNTER, for plaintiff in error.

S. T. BAILEY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

---

*The following is the Statute:

"It shall and may be lawful, for any Judge of the Superior Courts of this State, on application to him, by bill, at the instance of any person or persons claiming personal property, in remainder and reversion, to grant a writ of *ne exeat* or other sufficient process, to restrain the person or persons having the control or possession of such property, from removing the same beyond the limits of this State—or to give good and sufficient security, residing in the County, to the party claiming, in a sufficient penalty, to be fixed by such Judge, that the property shall be subject, and accessible to the demand of the person or persons entitled thereto, in the County wherein such property may be at the time of issuing of such writ: Provided, that the person or persons, or one of them, suing for the benefit of such writ, shall make affidavit of his, her, or their right to, and of the value of the property in question, and that he, she or they, entertain serious apprehension that the property will be removed beyond the limits of this State, and that his, her, or their rights, will be impaired, unless a remedy be afforded for the preservation thereof." *Cobb's New Digest*, 527.

REPORTER.

The only point in the case is, as to the sufficiency of the affidavit, under the Act of 1830, passed for the protection of the rights of remainder-men and reversioners in personal property. *Cobb's New Digest*, 527.

The proper mode of proceeding under this Statute, is for the bill to contain the necessary allegations, as to the nature and description of the property, the complainant's title, &c. and all those issuable facts which may be contested, and if done successfully, upon the coming in of the decree to that effect, the bond originally taken, falls to the ground. And the affidavit should pursue substantially, if not literally, the terms of the Act.

Here the bill set forth the complainant's right to the property in dispute—its value—and that he entertains serious apprehensions that it will be removed beyond the limits of the State, and that his rights will be impaired unless adequate relief is afforded for their protection and preservation. Had the oath been sufficiently positive as to the truth of these charges, we should be inclined to sustain the proceeding, notwithstanding the omission to repeat these facts in the oath, in literal compliance with the provisions of the law.

But the question recurs, is the affidavit sufficiently positive? It is in the usual form of an oath appended to a bill in Equity: that the facts stated in the bill are true, so far as they depend upon the complainant's own knowledge; and so far as they depend upon the information of others, he believes them to be true. What portion of these facts depend upon the complainant's own knowledge, and what portion upon the information of others, does not appear. Suppose the whole depended upon the information of others, and such may be the case for anything in the affidavit to the contrary, it would not be contended that he would be entitled to the harsh remedy given by this Statute. It cannot be said that he swears even to his interest in the property. In bills at Common Law, to obtain a *ne exeat* upon equitable demands, certainty as to this point is necessary. They are analogized to cases of bail at Law, where the creditor must swear to his debt.

Suppose that Wallace was indicted for perjury upon this affidavit. Would it not be indispensably necessary for the State to show before a conviction could be had, that *all* the facts charged in the bill had not only not come to the knowledge of the affiant, but that he did not believe them upon the information of others. Such looseness was never intended to be sanctioned by the Legislature.

In support of our opinion as to the want of positiveness in the complainant's verification of this bill, see *Elches vs. Lance,* 7 *Ves.* 417. *Oldham vs. Oldham,* 7 *Ves.* 410 ; 8 *Ves.* 33. *Jones vs. Alephson,* 16 *Ves.* 470. *Percy vs. Powell, cited in Beame's " View of the Writ of Ne Exeat," p.* 25, *MS. case of Mr. Bell.*

Judgment affirmed.