## GRESHAM v. PETERSON.

WRIT OF NE EXEAT. The writ of ne exeat is in the nature of equitable bail.

Where a debtor is about to permanently leave the country, and the complainant has a clear right to equitable relief, a writ of ne exeat may issue.

Our statute allows the writ to issue, where there is a contract or covenant *to be performed,* and the time for performance has not arrived, and the complainant has entered into the agreement in good faith, and without any knowledge that the defendant intended to leave the State.

The writ *may not issue* to retain the defendant sued in an action of *tort* for unliquidated damages.

*Appeal from Union Circuit Court.*

Hon. JOHN T. BEARDEN, Circuit Judge.

J. H. ASKEW, for appellant.

The only question presented in this case is, whether the writ

of *ne exeat* properly issued? Appellant insists that it did, and submits that the 13th section of chapter 118, Gould's Digest, fully sustains this position.

If appellant, in the case made by his bill, did not have an equitable cause of action against appellee, we are at a loss to know what state of case could be made in which a complainant would be entitled to a writ of *ne exeat*, under the section quoted. *Royster, ex parte,* 6 *Ark.,* 29; *Mitchell v. Bund,* 2 *Paige, ch.* 606.

CARLETON and GARLAND & NASH, for appellee.

Ne exeat will not lie for mere damages, especially for a past tort. *Jackson v. Petreo,* 10 *Ves.,* 164; 2 *Story Eq.,* sec. 1474.

Complainant must show sufficient equity in his bill to sustain the writ. *Woodward v. Schatzell,* 3 *J. C. R.,* 414. So, if a good case is not stated in the writ, it will be quashed. *Hyde v. Whitfield,* 19 *Ves.,* 345.

GREGG, J.

On the third day of November, 1867, the appellant presented his bill of complaint to the Hon. JOHN T. BEARDEN, judge of the sixth circuit, in which he alleged that he had been the owner of twelve bales of cotton, worth $2,500; that, by false and fraudulent representations, the appellee obtained possession of said cotton, and, without the knowledge of the appellant, converted the same to his own use; that appellant commenced his action of trover therefor to the fall term, 1866, of the Union circuit court. That appellee owned real and personal property in said county, but that he was trying to sell the same, fraudulently to deprive the appellant from collecting any judgment he might obtain; that, to afford time to make such sale, the appellee, upon false and fraudulent applications, had procured two continuances of said action, and that he is preparing to leave the State, as soon as he can make such sale; and, if

not prevented, he will leave, and deprive appellant of all advantage of a judgment, "which he had no doubt he would recover against him, for the value of said cotton."

Appellant prayed for an injunction to restrain the appellee from conveying his property, and also a ne exeat to keep him from departing the State.

Upon the presentation of the bill, the judge overruled the application for an injunction, and ordered that a writ of ne exeat issue. Appellee gave bond, and, at the April term, 1868, appeared in court and filed his demurrer to the bill, and his motion to quash the writ of ne exeat and bond. The court sustained the demurrer and motion, quashed the writ and bond, and decreed that the bill be dismissed; that the appellee go hence, and the complainant pay costs; from which decree Gresham appealed to this court.

The writ of ne exeat was once a privileged writ of the crown; but for a great length of time it has been allowed, in fit cases, for individual relief.

In cases where a debtor was about to permanently leave the country, and the complainant could show to the Chancellor that he had a clear equitable right to recover, and was without relief at law, a writ of ne exeat in equity, which was analogous to a writ at law to hold a debtor to bail, issued to restrain him from departing.

Judge STORY, in his second volume of equity jurisprudence, section 1474, says: "As to the nature of equitable demand, for which a *ne exeat regno* will be issued, it must be certain in its nature, and actually payable, and not contingent. It should also be for some debt or pecuniary demand. It will not lie, therefore, in a case where the demand is of a general unliquidated nature, or is in the nature of damages."

Chancellor WALWORTH, 4 *Paige, Ch. R.*, 271, says: "The writ of ne exeat is in the nature of equitable bail, and to entitle the complainant to such bail, there must be a *present debt* or duty—some *existing right* to relief," &c.

Our statute has so far changed the rule as to allow the writ

in cases where there are contracts or covenants to be performed, and the time for payment or performance has not arrived, if the complainant had entered into the agreement in good faith, and without any information of an intention on the part of the defendant to leave the State.

But there is no intimation of any intention on the part of our Legislature to extend this extraordinary remedy to actions of tort—to cases of unliquidated damages.

And, in view of the settled policy of our laws against imprisonment for debt, every application of this kind should be closely scrutinized and promptly rejected, where the complaint is not clearly within the spirit of the law. 13 *Ga.*, 41; *Tomlinson v. Harrison*, 8 *Ves.*, 33 ; *Adams' Equity*, (side p.,) 360 ; *Rhoades v. Cousins*, 6 *Randolph*, 188 ; *Maddox v. Tremain*, 3 *Johnson Ch.*, 75 ; *Burnsydes v. Blyth*, 11 *B. Monroe*, 12 ; *Rusell v. Ashbey*, 5 *Ves.*, 96 *and note*; 10 *Ves.*, 164; 4 *Ves.*, 577; 19 *Ves.*, 342.

The circuit court did not err in sustaining defendant's demurrer and motion, and the decree of that court is affirmed with costs.